IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MYCHAEL ALLEN LEE,

        Plaintiff,

v.

MULTNOMAH COUNTY MENTAL HEALTH
DEPARTMENT IN COUNTY DETENTION CENTER,

        Defendant.

Case No. 3:18-cv-01743-JR

ORDER

RUSSO, Magistrate Judge.

    Plaintiff, an inmate currently housed at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2018, Chief District Judge Michael W. Mosman issued an Order (ECF No. 5) dismissing plaintiff's Complaint. The Order advised plaintiff of the deficiencies of the Complaint and granted plaintiff leave to file an Amended Complaint curing those deficiencies. On October 22, 2018, plaintiff filed a document entitled "Amended Complaint" (ECF No. 7). However, the document filed by plaintiff is not in the form of

1 - ORDER

a Complaint; instead, plaintiff asks the Court to subpoena institutional records of his grievances, and requests that the Court appoint counsel. As such, the Court construes the document as a Motion instead of an Amended Complaint and, so construed, the Court DENIES plaintiff's Motion.

## DISCUSSION

Plaintiff asks the Court to issue a subpoena to obtain grievances and replies pertaining to plaintiff's mental health treatment while he was incarcerated at the Multnomah County Detention Center ("MCDC"). To the extent plaintiff seeks to subpoena records, the Court notes that pursuant to Federal Rules of Civil Procedure 34(c) and 45(a)(D), the parties to a case in this Court may obtain discovery from non-parties through a subpoena compelling the production of documents and tangible things, or permitting an inspection. Rule 45(a)(D) does not, however, apply to discovery sought from a party. See Wirtz v. Local Union 169, Intern. Hod Carriers' Bldg. and Common Laborers' Union of America, AFL-CIO, 37 F.R.D. 349, 351 (D. Nev. 1965) (subpoena duces tecum is not intended as substitute for request to produce where subpoena requires production of documents under control of party as distinguished from independent witness). Here, should plaintiff file an Amended Complaint naming as defendant(s) the individual(s) who allegedly denied him mental health care at MCDC, he will have options other than a subpoena for obtaining the records sought from the defendant(s). See Fed. R. Civ. P. 26 through 36. Accordingly, in the absence of showing that plaintiff has attempted and been unable to obtain the records sought through a discovery request served on defendant(s) after he files his Amended Complaint, the Court denies plaintiff's motion for subpoenas.

To the extent plaintiff seeks appointment of counsel, generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).

However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. U.S. Dist. Court of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates "the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

This case involves allegations of denial of mental health care; the facts and legal issues involved are not of substantial complexity to necessitate appointment of counsel, and plaintiff has demonstrated an ability to articulate his claims. Accordingly, at least at this stage of the proceeding, there are no exceptional circumstances that require the appointment of counsel, and the Court denies plaintiff's motion.

## CONCLUSION

The Court DENIES plaintiff's motion for a subpoena and motion for appointment of counsel (ECF No. 7). Plaintiff has an additional 30 days from the date of this Order to file an Amended Complaint curing the deficiencies noted in Judge Mosman's Order. Plaintiff is advised that failure to file an Amended Complaint within the time provided by this Order will result in the dismissal of

this action. The Clerk of the Court is DIRECTED to send plaintiff a form prisoner civil rights complaint with this Order.

IT IS SO ORDERED.

DATED this 7th day of November, 2018.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge

4 - ORDER